RUBE RUSHING ET AL. v. HOWARD S. LANIER ET AL

Decided November 19, 1910.

**1.—Limitation—Squatters—No Privity.**

Evidence considered, and held insufficient to raise the issue of title by limitation as to squatters upon land in respect to privity of title and adverseness of claim.

**2.—Same.**

Privity of claim and occupancy is a material fact in the establishment of title by limitation and can not be left to mere surmise or conjecture, but must be shown by competent and adequate evidence.

**3.—Same—Judgment of Ouster.**

The filing of a suit and a judgment therein in favor of the plaintiff against a party in possession of land, awarding to plaintiff the title and possession of the land, and an offer afterwards by the defendant to buy the land from the plaintiff, destroys the adverseness of the defendant's possession and interrupts the statute of limitation.

**4.—Same—Adverse Claim—Insufficient Evidence.**

In a suit to recover possession of land, testimony by the defendant that he did not know that he actually claimed any land, but that he had hopes (having been told that the land belonged to no one), that he might get 160 acres, and that he did not know what was his purpose in settling on the land, clearly fails to show such adverse possession and claim as is necessary to support a plea of limitation.

Error from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Jacob C. Baldwin,* for plaintiffs in error.—The trial court erred in his general charge to the jury, wherein he charged the jury as follows, towit:

"Now the court charges you that as to the claim set up by the defendant Joe Rook, and the claim set up by the defendant C. M. Rice, the evidence does not warrant the submission to you of the issue of limitation, as to the claim set up by said defendants, and you will, without inquiry as to the claim of the defendants Rook and Rice, find against them on the issue of limitation." Revised Statutes, articles 3343-3344; Rushing v. Lanier, 111 S. W., 1089; Davis v. Receivers Houston Oil Company, 111 S. W., 219; Link v. Bland, 95 S. W., 1110-11; Johnson v. Simpson, 54 S. W., 308; Johnson v. Simpson, 22 Texas Civ. App., 290; McCarthy v. Johnson, 20 Texas Civ. App., 184, 49 S. W., 1098; Bering v. Ashley, 30 S. W., 838; Parker v. Cameron, 86 S. W., 648; McKenzie v. Stafford, 8 Texas Civ. App., 125; Craig v. Cartright, 65 Texas, 419; Pearson v. Boyd, 62 Texas, 544; Smith v. Garza, 15 Texas, 150; Mooring v. Campbell, 47 Texas, 37; Word v. Drouthett, 44 Texas, 365; Hedrick v. Kilgore, 121 S. W., 892; Lewis v. Dillingham, 167 Fed., 779-783; Texas & N. O. Ry. v. Broom, 114 S. W., 655; Washam v. Harrison, 122 S. W., 52; Smith v. Simpson, 113 S. W., 568.

*Stevens & Pickett,* for defendants in error.—The trial court did not err in peremptorily directing a verdict against the defendants. Trueheart v. McMichael, 46 Texas, 222; Dotson v. Moss, 58 Texas, 152; Giddings v. Fischer, 77 S. W., 209; Titel v. Garland, 87 S. W., 1152; Rice v. Goolsbee, 99 S. W., 1031; Wiley v. Bargman, 90 S. W., 1118; Webb v. Lyerla, 94 S. W., 1095; Montgomery v. Gunther, 81 Texas, 325; Turner v. Moore, 81 Texas, 206; Woods v. Hull, 90 Texas, 228; Roberts

v. Agnew, 103 S. W., 1178; Warren v. Frederichs, 83 Texas, 384; Mhoon v. Cain, 77 Texas, 316; Blum v. Rogers, 32 S. W., 713; Schleicher v. Gatlin, 85 Texas, 270; Hoencke v. Lomax, 119 S. W., 842; Robinson v. Bazoon, 79 Texas, 525; Hartman v. Huntington, 32 S. W., 562.

PLEASANTS, Chief Justice.—This is an action of trespass to try title brought by Lanier and others against Rushing and others to recover title and possession of 1076 acres of land on the E. B. Jackson one-third league in Liberty County. The trial in the court below with a jury resulted in a verdict and judgment in favor of the plaintiffs against all of the defendants for all of the land in controversy except a few acres and the improvements thereon claimed by the defendant Rube Rushing.

Plaintiffs in error, Rube Rushing, Joe Rook and C. M. Rice, who were defendants in the court below, each claimed 160 acres of the 1076-acre tract, for which plaintiffs sued, under the statute of limitation of ten years. The several pleas of limitation filed by these defendants fully described the respective tracts of 160 acres claimed thereunder, and were in every respect full and sufficient. Each of said defendants prayed for recovery of the 160 acres described in his plea, and, in the alternative, for the recovery of 160 acres of said larger survey to be set apart to him under direction of the court and to include his improvements. The trial court instructed the jury to find against the defendants Rook and Rice on their pleas of limitation, and against defendant Rushing as to all of the 160 acres claimed by him except that portion thereof which had been actually occupied by him and those under whom he claimed for ten years prior to the bringing of this suit. As to the portion so occupied he submitted the issue of the adverse character of such possession.

The only questions presented by plaintiffs in error for our determination are thus stated in their brief:

"First. Was the evidence sufficient to require of the trial court the submission to the jury of the issue of ten years limitation plead by the defendants C. M. Rice and Joe Rook?

"Second. Was the issue properly submitted to the jury as to the ten years limitation plead by Rube Rushing; in other words, was he, under the evidence, entitled to 160 acres of land, or should his possession be confined to that part of the 160 acres which was actually enclosed by those through whom he deraigned his title for more than ten years prior to the filing of the suit, and should their possession be limited to the land actually enclosed?"

The evidence shows that in the year 1894 W. H. Stubblefield, a man named Stevens, and E. Dade, all of whom were engaged in the business of cutting ties, went upon the 1076-acre tract of land in controversy in this suit and each made improvements and established a home thereon. The improvements made by Stubblefield were on the 160 acres now claimed by plaintiff in error Rook; those made by Stevens were on the

160 acres now claimed by plaintiff in error Rice; and those made by Dade were on the 160 acres now claimed by plaintiff in error Rushing. Each of these places has been occupied continuously since they were improved, as above stated. Stubblefield testified that he settled on the place in the spring of 1894 and that about three months after he made his settlement he began to claim 160 acres; that he lived there about a year and then sold to a man named Jones, and Jones sold to a man named Burton, who moved on the place before he (Stubblefield) left. Dade testified on direct examination that he settled on the place now claimed by Rushing in 1894 or 1895 and lived there about two years and then made a deed of gift to A. A. Willis and family, or to Mrs. Willis. This instrument, with the transfers endorsed thereon, is as follows:

"The State of Texas, County of Liberty. 10-15-1896.

"Know all men by these presents: That I, E. Dade, of said County and State for in consideration of sincere friendship that has always existed between myself and Mr. A. A. Willis and family since our first acquaintanceship, do this day vest he and family with power to keep, hold, possess, occupy, cultivate and to retain and to bar and to exclude all persons from one certain place or improvement made by myself on a certain tract or parcel of land known as the Jackson survey or head-right, having bargained with George Davis through his agent, J. S. Johnson, for the purchase of said place, and in case of extreme need do vest said A. A. Willis and family with power to sell said improvement and to sign my name to any quit claim deed he may give. I reserve the right to occupy said improvement during its occupancy by said Willis and family.

"E. Dade."

On reverse side is the following transfer:

"Transferred to John Chism by Ann E. Willis, May 12, 1901."

"STATE OF TEXAS,
"County of Liberty.

"Transfer of claim of land herein described. To all whom this may concern. Know all men by these presents: That I, J. W. Chism of said County and State for and in consideration of the sum of twenty dollars to me in hand paid by J. H. Herndon, do hereby transfer all of my right, title and interest in and to the land herein described to the said J. H. Herndon, to have and to hold the same forever so far as I am concerned.

"Gus Burton, Witness.

His
J. W. X Chism."
Mark.

"Transferred to J. J. Hutto by J. H. Herndon. Transferred to J. N. Terrell, Jan. 18, 1906, by J. J. and Alice Hutto."

In regard to his claim to the land he says: "As to how much land I was claiming when I was there, I don't know that I actually claimed any. I had some hopes though by the advice of my friends that I could get 160 acres. I was told the land belonged to no one. It was wildcat, they called it, some man had left his survey. . . . I went in there to make ties. That was not specially my purpose in going there. As to what was my special purpose, a man wanting an abiding place. As to whether I was looking for vacant land, I can't tell you what I was looking for. As to whether I was or not, I don't know no more in regard to that than you do, I suppose. Well, I don't know that I went in to settle on it as vacant land. As to who does know,—I was told, as well as I remember, I might acquire 160 acres of land by occupying it so many years. I did not know that it was vacant. As to whether I was told that, I was told by someone but I don't know who. As to whether that was my purpose in going on there, I can't say what my purpose was. I don't think I had any purpose. . . . As to whether I examined the corners of the 160 acres I was to get, Johnson showed me the lines. I do not know what he had to do with it. He wanted me to sign a certain document, but I would not do it. I suppose he was trying to steal the land and therefore I would not sign it. . . . I do not know that Johnson told me anything about how much to hold. As to whether he told me to hold the 1476 acres, I don't know what it was; he presented me a document to sign but I thought he wanted to steal the land and I would not sign it. No, he was not the man that got me to go in there. I was cutting ties for Johnson. As to whether I went in there to cut ties for him and he showed me the lines, I had been in there a considerable length of time before he came down. As to whether that was after I thought it was vacant land I went in there,— I don't know what I thought. I don't remember what Johnson did say when he came down to see me about holding the place."

The evidence is sufficient to show that Stevens, while he lived on the place settled by him, claimed 160 acres, and that the lines and corners of the 160 acres claimed by him, the 160 acres claimed by Stubblefield, and the 160 acres upon which Dade lived, were fixed and known for more than ten years prior to the bringing of this suit, and said 160-acre tracts are the tracts claimed respectively by plaintiffs in error Rice, Rook and Rushing. This suit was filed December 6, 1905.

The testimony as to the continued occupancy of the respective tracts and the adverse claim of the successive occupants, is as follows:

Mrs. M. V. Sorrell, for plaintiffs in error, testified that she had known each of these places since the summer of 1896, and that they had been continuously occupied and cultivated since that time. When she first knew the places in 1896, the Rook place was occupied by Burton (who, we have before stated, held under Stubblefield through Jones, and moved on the place before Stubblefield moved off), the Rice place by Stevens, and the Rushing place by Dade. After Burton, Mr. Chism occupied the Rook place; he sold to Rube Rushing, and Rushing sold to Rook.

These persons had continuously occupied said place ever since the witness knew it. In regard to the privity of claim between Burton and Chism the witness uses this language: "It was occupied when I first knew it by Mr. Burton, and after him Chism bought it. I am not sure from whom. I am not sure he bought the place from Mr. Burton." When Stevens left the Rice place a man named Lambert moved on it. After Lambert left Chism moved on the place; he bought from Lambert. Chism sold to Andrews, and Andrews sold to Rice. This place has been continuously occupied by these parties. The witness did not know whether there was any privity or connection between the claim and occupancy of Lambert and that of Chism. In regard to the claims of Burton, Stevens and Dade she says: "They were claiming the land for themselves. I have heard them speak of it as 'my place.' They said they owned it themselves."

In regard to the occupancy of the Dade or Rushing place, she testified:

"I have known it for eleven years. When I went there eleven years ago Dade had a house on the piece of land. He was cultivating it. I don't remember how many acres he had in cultivation. Possibly four or five. There is more land in cultivation now. I know a man by the name of Chism. Dade abandoned the place, and Chism took possession of it. I don't remember how long Chism remained on the place. He was there possibly a year. Chism sold to Hutto. I do not know how long he was there. Think he made a crop on the place. Hutto sold to Jim Terrell. Terrell sold to Rube Rushing. I don't know how long Rube Rushing has been on the place, but he has been there possibly seven years. I have known that place all the time, from the time I went in there down to the present time, and there has been some one occupying it each and every year during that time. Rube Rushing has been there himself for seven years."

This is in substance the evidence relied on by plaintiffs in error to establish their title by limitation to the several tracts of land claimed by them respectively.

We think the evidence is insufficient to raise the issue of title by limitation in favor of either of the plaintiffs in error to any part of the land claimed by them, and the trial court should have so instructed the jury. Plaintiff in error Rook can not recover upon this evidence because no privity is shown between the claim and occupancy of Burton and that of Chism. The statement of the witness, Mrs. Sorrell, that when she first knew the place it was occupied by Mr. Burton, "and after him Chism bought it," if standing alone would not raise the issue of privity in title or claim between Burton and Chism. It could not be reasonably inferred from this statement that Chism bought from Burton; and the further statement of this witness in this connection, "I am not sure from whom. I am not sure he bought the place from Mr. Burton," shows conclusively that she did not intend to say that Chism bought from Burton. Chism's occupancy of this place began less than ten years before this suit was filed and therefore Rook's title by limitation

depends upon whether Chism's occupancy and claim was through and in privity with the claim and occupancy of Burton.

This material fact in the establishment of Rook's title can not be left to mere surmise or conjecture, but must be shown by competent and adequate evidence. Blum v. Rogers, 11 Texas Civ. App., 184 (32 S. W., 713).

The plaintiff in error Rice failed to show title by limitation because there is no evidence of any privity between Lambert and Stevens. There is not a suggestion in the evidence that Lambert bought from Stevens or held under him in any way. In addition to this, the plaintiffs showed by uncontradicted evidence that while Lambert was in possession of the place a suit was brought against him by plaintiffs to recover possession and a judgment was rendered in this suit in favor of plaintiffs against Lambert for the title and possession of said land. This judgment was rendered in February, 1900, and subsequent thereto Lambert wrote plaintiffs' attorney offering to buy 100 acres of the land and expressing his willingness to surrender possession at any time. Lambert's possession being thus shown not to have been adverse to plaintiff for at least a part of his occupancy, such possession can not sustain the plea of title by limitation.

The evidence also fails to raise the issue of the adverse claim of Dade to the 160 acres claimed by Rushing. He says that he does not know that he actually claimed any land, but that he had some hopes, having been told that the land belonged to no one, that he might get 160 acres, and that he does not know what his purpose was in settling on the land. This testimony clearly fails to show such adverse possession and claim on the part of Dade as was necessary to support the plea of limitation. The statement of Mrs. Sorrell that she heard him claim to own the land while he lived on it, only tends to contradict him to the extent of showing that he did claim the land at one time. This, however, was less than ten years before the filing of this suit, and his statement in the instrument by which he gave his claim to the Willis family shows that at that time he was only claiming the right to purchase the land from one, Johnson. It is also clear, we think, that this instrument, which we have before set out, only authorized the sale by Willis of the improvements on the land, and therefore the transfer by Mrs. Willis to Chism, endorsed on said instrument, only passed title to said improvements and did not convey any right or interest in the land.

The evidence being insufficient to raise the issue of the adverse possession and claim for ten years prior to the filing of this suit, plaintiff in error Rushing was not entitled to recover any part of the land described in his plea of limitation, and defendants' in error cross-assignment complaining of the charge of the court submitting to the jury the question of Rushing's right to recover the land actually occupied by him, must be sustained.

Counsel for plaintiffs in error has presented various assignments of error complaining of the charge of the court on the theory that the

court instructed the jury to find for the plaintiffs on the ground that the evidence failed to show that there had been an actual survey and demarkation of the boundaries of the several tracts claimed by plaintiffs in error, and that such survey was made ten years before the filing of the suit. In support of his assignments counsel has presented an able and interesting argument containing an exhaustive review of the authorities. Our conclusion as to the insufficiency of the evidence upon the other grounds before stated renders a discussion of these assignments unnecessary. We may say, however, that we agree with counsel for plaintiffs in error in his view of the law upon the questions raised by the assignments. Our views upon this subject are expressed in the case of Louisiana and Texas Lumber Co. v. Stewart, 61 Texas Civ. App., 255, (130 S. W., 199).

It follows from what we have said that the judgment of the court below should be affirmed as to plaintiffs in error Rook and Rice, and the judgment in favor of plaintiff in error Rushing should be reversed and judgment here rendered in favor of plaintiff below for all the 160 acres claimed by Rushing, and it has been so ordered.

*Affirmed in part, reversed and rendered in part.*

Writ of error refused to Rushing.