## DAVIS v. JOINER.

(Court of Civil Appeals of Texas. Dallas. July 1, 1911. On Motion to Render Judgment, Oct. 7, 1911.)

1. NUISANCE (§ 3*)—ERECTION OF BUILDING —BARNS.

Defendant could erect a barn on his lot within 45 feet of the street and directly across the street from plaintiff's residence and porch, if the use of the barn did not materially inconvenience plaintiff in the use of his residence so as to constitute a nuisance; the barn in itself not constituting a nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4–25; Dec. Dig. § 3.*]

2. NUISANCE (§ 49*)—ACTION FOR DAMAGES— SUFFICIENCY OF EVIDENCE.

Evidence in an action for damages to plaintiff's property by the erection of a barn on defendant's lot directly across the street therefrom held to show that the only damage suffered by plaintiff was because the barn was erected in front of his residence, no damages from odors, etc., resulting.

[Ed. Note.—For other cases, see Nuisance. Dec. Dig. § 49.*]

## On Motion to Render Judgment.

3. APPEAL AND ERROR (§ 1175*)—DISPOSITION —RENDITION.

Where it appears that the case was fully developed below, and is not shown that the facts would not be different on another trial, judgment will be rendered for appellant upon reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Hunt County Court; R. L. Porter, Judge.

Action by G. B. Joiner against F. I. Davis. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Looney, Clark & Leddy, for appellant. Evans & Carpenter, for appellee.

BOOKHOUT, J. Appellee, the owner of a lot and residence thereon located on the north side of O'Neal street, in the city of Green-

ville, brought this suit against appellant, the owner of a lot on the south side of said street, alleging that appellant "placed" on the north end of his lot "a huge barn, an unsightly looking structure within 45 feet of said street, and practically in front of plaintiff's premises, which is being used, and intended for use, for horses, cattle, chickens, and other character of stock, agricultural implements, wagons, and buggies." He further alleged that "there were a great number of huge openings in said barn both on the north and the south side thereof, with a huge shed by the side of said barn, and same is intended for both a cow and horse lot, and that the erection and maintenance of said barn and lot, with the use to which it is being put as a barn and lot for horses and cattle, is a nuisance and greatly deteriorates the value of plaintiff's premises, in that the fumes arising from the horse lot and barn are blown over and across plaintiff's premises and onto his premises, creating an unsightly scene in front of his premises, causing disagreeable odors and smells arising from the use of the barn and lot to be blown over, into and around plaintiff's premises, causing plaintiff and his wife to suffer great inconvenience and discomfort on account of the stench and smell that arise from the use of said barn and lot." He alleged that, by reason of the erection and maintenance of the barn and lot and the use thereof, his premises were depreciated in value $750, and that by reason of the disagreeable odors and the discomfort and distress of mind caused to him and his wife he had been damaged $250. Appellant answered by a general demurrer, general denial, and specially excepted to the petition on the ground (1) that in so far as it claimed damages on account of the mere fact of constructing the barn at the place alleged there is no cause of action; and (2) in so far as it claimed $250 for discomfort and distress of mind, because there is no allegation sufficient to show a basis for such recovery, because not the correct measure of damage, and, in view of the other damage claimed, it would constitute a double recovery. These exceptions were overruled by the trial court, and appellant excepted. The case was tried before a jury resulting in a verdict and judgment for appellee. In due time appellant filed his motion for a new trial, and the same was overruled by the court. To this appellant excepted, gave notice of appeal, filed appeal bond, assigned errors, and brings this cause before this court asking that the judgment of the trial court be reversed.

It is contended in the first assignment that the court erred in refusing to give special charge No. 1 requested by defendant, instructing a verdict in his favor. The appellee, G. B. Joiner, owns and occupies as his home-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

stead in the city of Greenville a five-room dwelling house and lot, 118 feet by 95 feet, fronting south on O'Neal street, one of the principal thoroughfares in the city, which was at the time appellant's barn was put in use reasonably worth in cash $1,750. At that time in that immediate community and neighborhood, O'Neal street, which ran east and west, was occupied on both sides by residences fronting both north and south on said street, and not a single horse lot fronted on said street in that neighborhood. At that time F. I. Davis owned a dwelling house and lot just across O'Neal street, which street is 50 feet wide, immediately south of appellee's home; his lot being 100 feet fronting north. Appellee testified: "I went away and was gone about a week. I suppose something near a week or ten days, and, when I came back in front of me or in front of my residence, there was a barn that had double sliding doors, and, in fact, there were five openings on the south facing my house. * * * I went over there and talked to them (Davis and wife) about it, and said: 'I would like for you and Mrs. Davis both to go across the street and sit down on my front porch, and see what you can find, see how it would look to you.' I owned my place something like four years before this barn was built, and it was my custom of me and my family to sit on our front porch for this four years. Since this barn has been there we very seldom ever go in our front yard. We don't sit on our front porch at all from the fact of the sight there before us. When we get out on our front porch, we haven't got a thing in the world to look at. Right in front of us is a barn and cows and horses running loose there in the lot. I claim the barn to be a story and a half high. Mr. Davis keeps hay up there, and opens the door, and throws hay all out fronting my house. I have seen him do that very often. There has not been any wet weather to amount to anything since this barn was put there. We have had dry times for the last two years. I was raised on a farm and have lived around town considerably. In damp or cloudy weather, heavy atmosphere creates a kind of a stench from manure. I have smelled it further than the distance from this barn to my house at times. Since this barn has been there the weather has been dry. I consider there is a difference of $1,000 in the value of my lot before Davis moved his house and now, and I consider the moving of his house itself damaged me about $300 to $400 of it, and that the establishing of a lot there damaged me about $750. If that lot of Davis' was vacant, except the barn where I wanted it put, I think my place would be worth about $300 to $400 less than it was before." The barn was constructed on appellant's own land, 128 feet from appellee's residence and 108 feet from any part of his lot. Appellant never had at any time more stock in his lot or about the barn than one horse and two cows, and after the first two or three weeks he sold one cow, and has since kept but a single cow and a horse. Most people in that part of town keep cows and horses. Joiner himself usually keeps two and sometimes three or four. The barnyard is kept clean, and there is no evidence in the record that it can be smelled any distance. The evidence excludes the proposition that there was ever conveyed to appellee's residence any kind of odors from appellant's premises.

[1] Appellant had the right to construct a barn on his own land, and to make reasonable use of the same. If the use made of the barn materially inconvenienced or annoyed appellee, Joiner, in the use of his home, then appellant is liable to respond in damages; and, if the market value of his house is impaired thereby, then appellant, Davis, is liable in damages for such loss. If the use made of the barn does not constitute a nuisance, then there can be no recovery of damages for such annoyance as may exist, nor for diminution in the value of the property. Sherman Gas Co. v. Belden (Sup.) 123 S. W. 119, 27 L. R. A. (N. S.) 237.

[2] The facts show that the only damages proved were such as resulted solely from the fact that the barn was erected in front of and south of the home of the appellee. It is true on direct examination the witness Le Fan said: "The locating of Davis' barn on that end of the lot affects the value of Mr. Joiner's lot. If Mr. Davis would take his barn and put it in the center of his lot, leaving the north end of his lot as a building lot, that would make $500 difference in the value of Mr. Joiner's property. With a lot in front there, it keeps stock in there that ought not to be in there right in front of a man's house, on the south side of the man's residence, where the south wind carries the scent of the lot into the house at all times, affects it that way. If a man should take me there to show me Joiner's property and I saw a horse lot right in front, that would affect the value of the lot with me." The evidence fails to show that any scents or smells from the barn or barn lot reaches the home of appellee. In our opinion the evidence wholly fails to make out a case of nuisance, and the court erred in refusing appellant's charge instructing a verdict in his favor. Hockaday v. Wortham, 22 Tex. Civ. App. 419, 54 S. W. 1094; Gas Co. v. Belden (Sup.) 123 S. W. 119, 27 L. R. A. (N. S.) 237; Metzger v. Hochrein, 107 Wis. 267, 83 N. W. 308, 50 L. R. A. 305, 81 Am. St. Rep. 841; Bordeaux v. Greene, 22 Mont. 254, 56 Pac. 218, 74 Am. St. Rep. 600; Kuzniak v. Kozminski, 107 Mich. 444, 65 N. W. 275, 61 Am. St. Rep. 344; Guest v. Reynolds, 68 Ill. 478, 18 Am. Rep. 570; Rideout v. Knox, 148 Mass. 368, 19 N. E. 390, 2 L. R. A. 81, 12 Am. St. Rep. 560; 21 Am. & Eng. Ency. Law (2d Ed.) p. 686; 29 Cyc. 1191.

The judgment will therefore be reversed, and the cause remanded.

Reversed and remanded.

### On Motion to Render Judgment.

[3] Since filing the opinion in this case the appellant has filed a motion asking that we here render judgment in his favor, instead of remanding the cause. It appears from the record the case was fully developed in the trial court, and, it not appearing that the facts would be different upon another trial, it would serve no useful purpose to remand the cause.

We therefore sustain the appellant's motion, and judgment is here rendered for appellant.