WILLIAMS et al. v. RANDALL et al.

(Court of Civil Appeals of Texas. Galveston. April 7, 1913. On Rehearing, May 17, 1913. Appellee's Motion for Rehearing Denied May 8, 1913.)

1. ADVERSE POSSESSION (§ 43*)—CONTINUITY OF POSSESSION—TACKING SUCCESSIVE POSSESSIONS.

After the death of two brothers, each of whom owned an undivided half interest in a tract of land, the widow and two daughters of one of them took possession of the property, and the widow repudiated the claim of the heirs of the other brother. After five or six years she moved off from the land, leaving it in the possession of her daughters. Held that, in the absence of evidence showing that the daughters were holding for their mother or under a claim derived from her, the adverse possession required by the 10-year statute of limitations was broken by the removal of the mother.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 213–224; Dec. Dig. § 43.*]

2. TENANCY IN COMMON (§ 15*)—ADVERSE POSSESSION.

Since the widow of one of two brothers, tenants in common of land, who repudiated the interest of her brother-in-law's heirs, was herself a tenant in common with them, her repudiation did not inure to the benefit of her daughters, who were also tenants in common, in the absence of an agreement by the daughters authorizing the mother to take possession for their benefit.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 42–52; Dec. Dig. § 15.*]

3. WITNESSES (§ 150*)—TRANSACTIONS WITH DECEASED ANCESTOR—INTEREST OF PARTY.

Where daughters had introduced testimony to show that their mother had repudiated the interest of her brother-in-law's heirs in a tract of land, the heirs had a right to testify, after the death of the mother, to letters and conversations with the mother showing that she did not repudiate, since the daughters did not claim the land as the heirs or legal representatives of their mother, and therefore such evidence did not concern a transaction with a deceased ancestor.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 560, 653–657; Dec. Dig. § 150.*]

On Rehearing.

4. APPEAL AND ERROR (§ 1175*)—REVERSAL—RENDERING FINAL JUDGMENT—PARTITION.

In a suit for partition, where the defendants resisted the plaintiffs' claim on the ground of the 10-year statute of limitations, and the record showed no other claim of title and that the claim of limitations was insufficient, and did not indicate that the defendants had been prevented from making their strongest case, on reversal of an erroneous judgment for the de-

fendants, judgment will be entered for the plaintiffs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Suit for partition by Emma Williams and another against Julia Randall and others. Judgment in favor of defendants, and plaintiffs appeal. Reversed, and judgment ordered for plaintiffs.

A. C. Van Velzer and Fred R. Switzer, both of Houston, for appellants.

McMEANS, J. This is a suit for partition of a tract of land containing 245 acres, situated in Harris and Montgomery counties, brought by appellants Emma Williams and Elijah Beckton, who claimed an undivided one-half interest therein, against appellees Julia Randall, William Jefferson Turner, and Jesse Turner, who, the plaintiffs alleged, were the owners of the other half undivided interest. Appellees answered, denying that the appellants owned any interest in the land, claiming the entire tract for themselves, and set up that they claimed the same under their mother Fannie Irwin, née Simmons, and that their said mother had acquired the title under the statute of limitation of 10 years. In reply to appellees' plea of limitation the appellant Elijah Beckton pleaded disability of minority. The case was tried before a jury, and resulted in a verdict and judgment for appellant Elijah Beckton for one-fourth of the land, and in favor of appellees against appellant Emma Williams for the remaining three-fourths.

The land in question was purchased and owned by three brothers, Jeff Simmons, William Simmons, and Isaac Beckton, each owning one-third undivided interest. William Simmons died without issue, and his one-third was inherited by and vested in his brothers, Jeff Simmons and Isaac Beckton, one-half to each. Isaac Beckton died and his half of the whole tract descended to and vested in his two children, Emma Williams and Elijah Beckton, the appellants. Jeff Simmons and his wife, Fannie Simmons, died, and the half interest of Jeff Simmons descended to and vested in their two daughters, Julia Randall and Norvella Turner, and the latter died and her interest descended to her two children, William Jefferson Turner and Jesse Turner. Thus the appellants Emma Williams and Elijah Beckton owned one-fourth each, the appellee Julia Randall one-fourth, and William Jefferson Turner and Jesse Turner one-fourth, or one-eighth each. It appears that Jeff Simmons lived on the land until his death in 1894, but that Emma Williams and Elijah Beckton lived elsewhere. The testimony warrants the conclusion that in 1895 Fannie Simmons, the wid-

ow of Jeff Simmons, who with her two daughters, Julia Randall and Norvella Turner, continued to live on the land after her husband's death repudiated the claim and title of Emma Williams and Elijah Beckton, and set up a claim thereto in her own right. After this she continued to live on the land, cultivating, using, and enjoying the same, until about the year 1900, when she moved away and never returned. She died in 1907, and this suit was brought the same year, but after her death. When Fannie Simmons moved off of the land, her two daughters, Julia Randall and Norvella Turner, remained in possession, and continued to use and occupy the same up to the time the suit was filed. There was no testimony that they or either of them held possession for their mother, but the evidence indicates that they held such title as they had as heirs of their father, each in her own right; and, if they or either of them ever repudiated the title and interest of Emma Williams and Elijah Beckton, such repudiation was not pleaded. The testimony fails to disclose what title, other than by limitation, Fannie Simmons claimed.

[1] The court correctly instructed the jury under what circumstances one tenant in common might claim title by limitation against the other tenants in common, and then charged the jury, in effect, that if they should find that Fannie Simmons made a distinct denial and repudiation of the interest of Emma Williams, and that thereafter the said Fannie Simmons, and Julia Randall after her death, remained in peaceable and adverse possession of said land, using, cultivating, and enjoying the same for more than 10 years next after such repudiation, and before the filing of the suit, to find for defendant. We think that the giving of this charge was error in view of the proof that Fannie Simmons only held adverse possession of the land for some five or six years after the repudiation of appellants' interest, and in the absence of proof that Julia Randall, in remaining in such possession after her mother left, was holding the same for her mother or in privity with her. The mere fact that she remained in possession was not sufficient to show that the adverse possession begun by Fannie Simmons was not broken, by her abandonment of the land, in the absence of evidence that she was holding in privity with or under a claim derived from her. Brownson v. Scanlan, 59 Tex. 228; Rushing v. Lanier, 132 S. W. 528; Blum v. Rogers, 11 Tex. Civ. App. 184, 32 S. W. 713.

[2] Again, if Fannie Simmons was one of the tenants in common of the land, and for herself repudiated the interest of Emma Williams and Elijah Beckton, as the evidence indicates she did, this repudiation did not inure to the benefit of Julia Randall and the heirs of Norvella Turner, who were

also tenants in common, in the absence of evidence of an agreement or understanding between them authorizing Fannie Simmons to take and hold possession for their benefit, and, even if there had been, it seems that Julia Randall and the heirs of Norvella Turner could not avail themselves of their mother's possession under it for the purpose of acquiring title under the statute of limitation. Frey v. Myers, 113 S. W. 592. The defendants' plea of limitation of 10 years was defective, in that it asserted that the defendants held adverse possession for 10 years next before plaintiffs' cause of action accrued, instead of after. However, there was no exception urged against the plea. We assume that if, upon another trial, the defendants rely upon this defense, a proper plea will be filed embracing the essential requisites of article 5675, Revised Statutes, and will not pause now to determine whether the plea was sufficient to let in proof of title by limitation.

[3] On the trial the plaintiffs offered in evidence the testimony of Emma Williams, Alec Williams, and Elijah Beckton to the effect that said witnesses had never heard the defendants or Fannie Simmons dispute that the witnesses had one-half interest in the land, that it was understood by Fannie Simmons and the defendants that each set of heirs owned a half interest, and that in 1900 Fannie Simmons wrote a letter to Emma Williams, asking them to come to the place and divide the land; that at the time they went to visit the land Fannie Simmons did not, nor did any of the defendants, claim all the land, but only contended for all the improvements. This testimony was objected to on the ground that the "evidence concerned a transaction with a deceased ancestor," and the objection was sustained. We think this was error. The defendants had introduced testimony to show that Fannie Simmons had repudiated any interest of plaintiffs in the land in which they all were tenants in common. The testimony offered tended to prove that there had been no such repudiation. The defendants did not claim as the heirs or legal representatives of Fannie Simmons; and, as said in Wootters v. Hale, 83 Tex. 564, 19 S. W. 134, "the exceptions mentioned in the statute will not be extended by implication to a class of persons not named, although the reason for embracing them was equally as strong as those which existed for including the persons expressly designated." Newton v. Newton, 77 Tex. 510, 14 S. W. 157; Ivy v. Ivy, 128 S. W. 682; and authorities cited.

We have not discussed appellants' assignments of error in detail, but have passed upon all of them, and have sustained those which we think point out material error. All others are overruled.

The judgment of the court below in favor of appellees Julia Randall and William Jefferson Turner and Jesse Turner for one-half of the land, and in favor of Elijah Beckton for one-fourth of the land, will be affirmed, and so much of the judgment as is against Emma Williams for the one-fourth of the land claimed by her is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Affirmed in part.

Reversed and remanded in part.

### On Motion for Rehearing.

[4] Appellant Emma Williams in her motion for rehearing insists that this court in reversing the judgment rendered against her in the district court should have here rendered judgment in her favor for one-fourth of the land in controversy instead of remanding the cause as was done. Her contention is that the appellees did not claim nor did they attempt to establish by proof any title to the one-fourth interest owned by her except the alleged title under the statute of limitations of 10 years, and that as the attempted claim by limitation was insufficient because it was shown that the possession and occupancy by Fannie Simmons did not continue for a sufficient period to mature the title in her, and that when she abandoned the land that such possession and occupancy were not continued by any person or persons under or in privity with her, and that there is no indication from the record that the appellees were prevented from making out as strong a case as they were able.

We think appellant's contention is sound, and that the motion should be granted. Standard Paint Co. v. San Antonio, etc., Co., 136 S. W. 1151; Davis v. Joiner, 140 S. W. 252; Maverick v. Routh, 7 Tex. Civ. App. 669, 26 S. W. 1010; Trezevant v. Powell, 130 S. W. 235. It is therefore ordered that the judgment of the court below in favor of Julia Randall and William Jefferson Turner and Jesse Turner for an undivided one-half of the land and in favor of Elijah Beckton for an undivided one-fourth of the land be affirmed, and that so much of the judgment as is against Emma Williams for one-fourth of the land be reversed and judgment is here rendered in her favor for an undivided one-fourth of said land; and the trial court is hereby directed to proceed to partition the land among the several owners in accordance with this opinion and the provisions of the law governing partition of land.