**RIDDLE et al. v. VANDIVER.**

No. 6477.

Court of Civil Appeals of Texas. Texarkana.

Oct. 27, 1949,

Rehearing Denied Nov. 24, 1949.

Jones & Jones, Mineola, for appellants.
Barnes & Barnes, Terrell, for appellee.

WILLIAMS, Justice.

A few days prior to the institution of this suit, appellants, Mrs. J. L. Riddle, a widow, and her daughter, defendants below, erected a knee high wire fence. This fence which ran in an easterly-westerly course was erected on Lot No. 5 in Block No. 36, according to the official map of the City of Mineola and as found by the jury. The fence so erected embraces a strip varying from 7 to 10 feet in width between the fence and the north boundary of Lot No. 5. It was agreed that the legal record title to Lots Nos. 5 and 2 was in Mrs. Herma Vandiver, a widow, the plaintiff below. Defendants asserted title to the strip under the 10 years statute of limitation, art. 5510, R.C.S. of Texas. This limitation claim by defendants was sustained by the jury.

The trial court entered judgment non obstante veredicto and awarded plaintiff the title and possession of the strip and directed defendants under a mandatory injunction to remove the fence. This action of the trial court grounded on the court's recital in the decree that the evidence was insufficient to support above jury finding on limitation is sustained.

At some period while Wood owned the whole of Block No. 36, he built a barn from 60 to 75 feet east of Newsome Street. The sides or corners of this barn were used as a part of fences which enclosed gardens and cow lots, all situated in the east and in the rear of the two houses. The fences on the rear were some 17 to 23 feet south of the north boundary line of lot No. 5. The south boundary of the barn was either 7, 10 or 17 feet south of this line. The knee high fence erected shortly before this suit was the first fence ever erected on lots 4 or 5, both lying west of the barn. Mrs. Vandiver acquired from J. C. Wood under deed, dated August 26, 1921, the title to Lot No. 5 and the adjoining lot No. 2 to the east. J. J. Smith on January 30, 1935, acquired from Mrs. Vandiver and the other heirs of J. C. Wood the title to Lot No. 4, and the adjoining lot No. 3 to the east. Smith in turn on March 21, 1938, conveyed the latter two lots to the Riddles.

That portion of Lot No. 5, hereinabove called the strip and the area generally on both sides of the strip, all of which ran from Newsome Street to the east to garages situated about 60 or 75 feet back have through the years been used by the litigants and by Smith as a

driveway for ingress and egress. The boundaries of this area have never been marked by any artificial markings to designate a joint or separate driveway. No curb marked its boundaries. No marking of concrete or other material indicated any division line. As stated in Surkey v. Qua, Tex.Civ.App., 173 S.W.2d 230, 232, applicable here, "Appellant's proof of possession is deficient in that it is of such a nature as will not permit the fixing of a boundary. Presumption can not be indulged in favor of the limitation claimant." Its general use through the years by the occupants of the two dwellings reflects no exclusive use or claim to exclusive use by any party with which to support adverse possession as contemplated by art. 5510, supra; Surkey v. Qua, supra; W. T. Carter & Bro. v. Holmes, 131 Tex. 365, 113 S.W.2d 1225; Ricks v. Grubbs, 147 Tex. 267, 214 S.W.2d 925; Harris v. Wood County Cotton Oil Co., Tex.Civ.App. 222 S.W.2d 331, 334. As stated in 2 C.J. S., Adverse Possession, § 48, p. 566, "To be effective as a means of acquiring title, the possession of an adverse claimant must be exclusive of the true owner. The owner must be wholly excluded from possession by claimant. Any sort of joint or common possession by claimant and the owner or a tenant of the owner prevents the possession of claimant from having the requisite quality of exclusiveness. In these circumstances, the law referred the possession to the person having the legal title."

█ This limitation claim does not find support in the evidence for the additional reason that less than a ten year period of time elapsed between March 21, 1938, when the Riddles acquired Lot No. 4 and October 10, 1947, when the suit was filed. Mr. Smith, defendants' predecessor in title, testified definitely that he claimed only the land he bought and had never made any claim to anything other than two lots, each 90 x 135 feet. He never knew where the lines were but assumed they had been established. This record is absent any element of constructive possession. The deed into Smith and the deed from him to the Riddles, both forthwith filed for record, each specifically calls for Lot No. 4 to be 90 feet north and south and 135 feet east and west. The decree entered leaves the Riddles with title and possession to the area called for in their deed to Lot No. 4. The areas enclosed by the fences to the east of the garage are not involved in this appeal. Such fences to the east of the garage will lend no support to the claim under limitation to the unenclosed area west of the garage.

The judgment will be affirmed.