CAMPBELL v. CASTLE et al.    (No. 1999.)

(Court of Civil Appeals of Texas. Texarkana. June 20, 1918.)

1. TRESPASS TO TRY TITLE ⟷35(1)—DEFENSES—PLEADING.

In trespass to try title, defendant, claiming by limitations, cannot show that the title was

in a third person by limitation, not having so pleaded.

**2. TRESPASS TO TRY TITLE ⟨⟩33—PLEADING—SUFFICIENCY.**

In trespass to try title, allegations by defendant that he and those under whom he "holds by priority of contract in interest claiming to have good and perfect right and title thereto, has had and held peaceably said lands and adverse possession of same, cultivating, using, and enjoying the same for a period of more than 10 years," amounted to no more than an assertion that defendant had perfected title by his own occupancy or use in privity with others, and not that title stood in a third person by virtue of the statute of limitations.

**3. ADVERSE POSSESSION ⟨⟩110(4)—PLEADING—ISSUE.**

Under allegation amounting to mere assertion that defendant had perfected title by adverse possession, he could not show that the property had been conveyed to him by another who had been in adverse possession, where it appeared that if the statute of limitations had operated at all in the grantor's favor it had operated long enough to perfect title in him.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by B. I. Castle and others against Elisha Campbell. Judgment for plaintiffs, and the defendant appeals. Affirmed.

Appellees, all of whom were heirs and some of whom were also assignees of heirs of J. M. Castle, who died in 1893, were the plaintiffs in the court below, and appellant was the defendant. The suit was commenced January 25, 1917. It was to try the title to and the right to possession of a tract of land in Smith county. The plaintiffs alleged that the title they owned was by virtue of the statute of limitations of five and ten years. Appellant disclaimed as to all the land sued for except about six acres, as to which he pleaded "not guilty," and also that appellees ought not to have maintained their suit for the same against him, because, he averred:

"That he, and those under whom he holds by priority of contract and interest, claiming to have good and perfect right and title thereto, has had and held peaceably said lands and adverse possession of same, cultivating, using, and enjoying the same for a period of more than 10 years after plaintiffs' cause of action accrued and before the commencement of this suit."

The trial court being of the opinion, after hearing the testimony, that it appeared as a matter of law that appellees owned the land, instructed the jury to find in their favor. The appeal is from a judgment based on a verdict in accordance with the instruction.

F. V. Hughes, of Tyler, for appellant. Simpson, Lasseter & Gentry, of Tyler, for appellees.

WILLSON, C. J. (after stating the facts as above). Appellant insists that the trial court erred when he refused to instruct the jury to find in his favor and instead instructed them to find in appellees' favor, because, he says, it did not appear that the title to the land was in appellees, and it did appear that the title was in one Cross.

[1, 2] We think it sufficiently appeared that the title was in appellees, unless the statute of limitations of ten years had operated to devest it out of them and vest it in Cross. Whether the statute had operated so as to accomplish that or not, we will not determine; for in the absence, as was the case, of pleadings to that effect on the part of appellant, he was not entitled to assert it as a reason why appellees should be denied the recovery they sought against him. Miller v. Gist, 91 Tex. 335, 43 S. W. 263. We do not agree that the effect of the allegations in appellant's answer set out in the statement above was to charge the title to be outstanding in Cross by virtue of the statute. Those allegations we think amounted to no more than an assertion that appellant had perfected by his own occupancy or use thereof in privity with others the inchoate title such others had acquired to the land by operation of the statute. When the facts in Ragon v. Craver, 127 S. W. 1087, are kept in mind, the holding of this court in that case is not inconsistent with the view taken above of the pleadings in this case. In that case there was testimony showing that the defendant D. C. Ragon as an heir of his father, B. C. Ragon, owned the title (if any there was) in the latter by virtue of the statute of limitations. In the instant case there was no testimony showing that appellant had acquired the title (if any there was) in Cross by virtue of said statute.

[3] It follows from the view taken of the case that the judgment should be affirmed, unless the trial court erred when, on objection interposed by appellee, he refused to permit appellant to prove by the witness Cross (who it was asserted, had acquired the title thereto by operation of the ten years' statute of limitations) that he verbally sold the land in dispute to appellant and placed him in possession thereof. We agree with the trial court that the testimony was inadmissible because incompetent. It appeared that, if the ten years' statute of limitations had operated at all in Cross' favor, it had operated long enough to perfect title in him. Therefore the purpose of the testimony was not to connect possession by appellant of the land with that by Cross in an effort to show that an inchoate title in the latter had been perfected by continued adverse possession of the land by the former. The purpose was to show that a title perfect in Cross by operation of the statute had passed from him to appellant. It was not pretended that the case appeared from testimony already before the court, or could be shown by testimony producible, to be within any exception to the rule that land cannot be "conveyed from one to another, unless the conveyance be declared by an instrument in writing subscribed and delivered by the party disposing of the same, or by his agent there-

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to authorized by writing." Vernon's Statutes, art. 1103; Oil Co. v. Gore, 159 S. W. 924; Allen v. Allen, 101 Tex. 362, 107 S. W. 528. The argument in appellant's brief indicates he thought the court excluded the testimony because of the statute of frauds. Appellant insists that Cross alone had a right to urge that statute as a reason why testimony showing a verbal conveyance of the land should not be heard. According to the view we take of the matter, it need not be determined whether the right to urge the statute of frauds was personal to Cross or not; for we do not think that statute was applicable to the case. The case made by the testimony showed a prima facie title in appellees. Hence they were entitled to judgment, unless it appeared that appellant had a better title or that the title was in Cross and that appellant was entitled to assert that it was. Appellant did not show, nor offer to show in any way sanctioned by law, that he had a better or any title to the land; and not having pleaded it, he was not entitled to show that the title was in Cross or to claim anything on account of the fact if it was.

We think there is no error in the judgment. Therefore it is affirmed.