STEVENSON et al. v. BARROW et al.
(No. 931–4719.)

(Commission of Appeals of Texas, Section A. March 9, 1927.)

1. Trial ☜350(3)—Refusal of special issue as to date of parol sale to defendant claiming under statute of limitation held error, in view of evidence.

In trespass to try title, where defendant claimed under 10-year statute of limitation, refusal of special issue as to date of parol sale to him *held* error, in view of conflicting evidence whether it occurred after vendor's title under statute of limitation matured.

2. Frauds, statute of ☜71—Purchaser by parol sale from one having title by limitation held not in privity with vendor's adverse possession previous to sale.

Purchaser by parol sale from one having title under 10-year statute of limitation *held* not in privity with vendor's adverse possession previous to sale, since parol sale contravenes statute of frauds.

3. Adverse possession ☜115(1)—In trespass to try title, whether defendants had title under statute of limitation held for jury.

In trespass to try title, evidence *held* sufficient to take to jury question whether defendants had title under statute of 10 years' limitation, where it was uncertain whether parol sale to them was made before or after their vendor acquired title by limitation.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit in trespass to try title by M. M. Stevenson and others against Levy Barrow and others. Judgment favorable to defendants Will Holton and wife was affirmed by the Court of Civil Appeals (285 S. W. 840), and plaintiffs bring error. Reversed and remanded.

See, also, 265 S. W. 602.

W. F. Goodrich, of Hemphill, and Smith & Lanier, of Jasper, for plaintiffs in error.

Roi Blake, G. E. Richardson, and Mooney, Adams & Hamilton, all of Jasper, for defendants in error.

HARVEY, P. J. This is a suit in trespass to try title brought by M. M. Stevenson et al. against Levy Barrow, Will Holton and wife, and others. All the defendants, except Will Holton and wife, filed disclaimer. Holton and wife asserted title to 160 acres of the land sued for, under the statute of 10 years' limitation. Judgment was rendered in favor of the plaintiffs against all disclaiming defendants. The issues joined between the plaintiffs and the defendants Holton and wife were tried before a jury on special issues. Judgment was rendered in favor of Holton and wife for the recovery of the 160 acres which they claim by limitation. The plaintiffs appealed, and the judgment was affirmed by the Court of Civil Appeals, thereby sustaining said recovery by Holton and wife. 285 S. W. 840.

[1-3] The facts relevant to the limitation title asserted by Holton and wife are substantially as follows: In the fall of 1910, Levy Barrow began clearing the land. In the early part of the year 1911, having cleared about an acre or an acre and a half of the land, he fenced same, together with about two or three acres additional uncleared land, and planted the cleared part in sugar cane. He continued thereafter to hold possession of such land, and to use and cultivate same, under claim of right, until he made a parol sale thereof to Will Holton, his brother-in-law. During the time Barrow used the land, he extended his inclosure from time to time, until it embraced about six or seven acres. During a part of this time, Holton also occupied and used land in the Barrow inclosure, as tenant of Barrow. An issue of fact is raised by the evidence as to the time when the parol sale was made by Barrow to Holton. The trial was had in the court below in June, 1925. Barrow, being the first witness called to the witness stand in behalf of the Holtons, testified that such parol sale was made in the fall of 1922—he said he was positive of this. Later, having been recalled to the witness stand by the Holtons, he reversed his previous testimony on this point and stated that the parol sale occurred in the fall of 1920. Will Holton also testified that the sale was made in the fall of 1920. The record discloses no testimony of any other witness on the point. This being the state of the testimony concerning the time of the parol sale, the plaintiffs duly requested the submission of a special issue requiring the jury to find when the parol sale occurred. This requested special issue was refused by the court.

The jury found in answer to a special issue submitted to them that Will Holton "and those under whom he claims," occupied, used, and enjoyed the land claimed by him for 10 consecutive years prior to the 15th day of August, A. D. 1922. There can be no doubt that the time of said parol sale was a material fact in the case. If such sale occurred after title under the 10-year statute of limitation had matured in Barrow, the sale, being in parol, was in contravention of the statute of frauds and did not place Holton in privity with the adverse possession held by Barrow previous to the sale. There can also be no

doubt that it was the province of the jury, under the circumstances of this case, to believe the.testimony first given by Barrow to the effect that the sale occurred in the year 1922, and to base a finding thereon. By this testimony of Barrow an issue of fact was raised as to the time of the parol sale, and a finding by the jury in keeping with such testimony would have defeated Holton's claim of title under the 10 years' statute of limitation. The refusal of the special issue, hereinabove mentioned, was error.

. The plaintiffs also requested that the jury be peremptorily instructed to return verdict for the plaintiffs. We are of opinion that the trial court's action in refusing this peremptory instruction was correct.

Because of the error above pointed out, we recommend that the judgment of the trial court in favor of the Holtons, and the judgment of the Court of Civil Appeals, affirming same, be reversed, and that the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.