## LEONARD et al. v. RAMSEY et al.
### No. 4554.

Court of Civil Appeals of Texas. Texarkana.
May 1, 1934.

Rehearing Denied May 10, 1934.

Rodes & Garrett, of Emory, for appellants.

Neyland & Neyland, of Greenville, for appellees.

SELLERS, Justice.

This is a suit by Mabel O. Leonard, joined by her husband, Walter Leonard, in the district court of Rains county, in trespass to try title to recover forty acres of land, a part of the C. M. Loggins survey located in Rains county. The suit is against C. F. Ramsey and F. F. Grimes, whose answer sets up title to the land under the three, five, and ten year statutes of limitation (Rev. St. 1925, arts. 5507, 5509, 5510). The case was tried before the court without the aid of a jury, and after the trial had begun the plaintiffs were permitted to take a nonsuit and the trial was continued upon defendants' allegation of title by limitation. This case was consolidated and tried in the lower court with another case, but separate judgments were entered, and this appeal involves only the land above mentioned and was the land involved in cause No. 3107 on the docket of the trial court. At the close of the evidence and arguments of counsel, the court entered judgment for F. F. Grimes for title to the land under the ten-year statute of limitation. C. F. Ramsey was a tenant of Grimes upon the land involved. The court filed the following findings of fact and conclusions of law:

"Findings of Fact.

"By agreement of plaintiffs and defendants in cause No. 3107, Mabel Leonard et vir vs. C. F. Ramsey et al, and cause No. 2097, Mabel O. Leonard et vir vs. F. F. Grimes et al, said causes were consolidated and tried together.

"After both parties plaintiff and defendant had announced ready for trial, plaintiffs with permission of the court took a non suit insofar as their affirmative relief was concerned, but the court distinctly advised them that they could not take a non suit so as to defeat the defendants' right to relief upon the cross actions which they had filed in each of said causes.

"It was agreed by both parties plaintiff and defendant that James A. Montgomery was the common source of title as to both tracts of land involved in the two suits.

"Mabel Montgomery was the sole and only child of James A. Montgomery and his deceased wife and survived both her father and her mother and inherited the land described in plaintiffs' petition as being out of the Loggins survey; the 120 acres of land out of the Despallier survey was conveyed to her by her father by deed dated the 27th day of November, 1894; the parents of Mabel Montgomery died intestate some time prior to the year 1899; Mabel Montgomery and Mabel O. Montgomery are one and the same person.

"Mabel Montgomery intermarried with Oscar Dick and Oscar Dick died intestate in January, 1897.

"Sometime in the year 1900 J. F. Hooks, with full knowledge and consent of Mabel Dick, took possession of both tracts of land in controversy under a claim of right in himself, and J. F. Hooks continued in open, adverse, notorious possession of said property, claiming it as his own until he sold said both tracts of land involved in this litigation to B. M. McMahan, in 1925.

"I further find that Mabel Dick and J. F. Hooks were married on October 25, 1904, at which time they were both living in the then Indian Territory.

"J. F. Hooks paid all taxes on both said tracts of land from either the year 1900 or 1901, down to and including the year 1925, when he sold same to B. M. McMahan.

"While in possession of each piece of said property and claiming to own each piece thereof, J. F. Hooks made various repairs and improvements thereon, being in the nature of repairing the houses, wells, building fences thereon, etc.

"In 1925 J. F. Hooks sold and conveyed the land in controversy to B. M. McMahan but the deed covering the tract known as the Spicer land, which is the land on the Loggins survey, failed to include about forty acres that is the subject of litigation in Cause No. 3107, but the court finds that this forty acres gain, or tract that was not covered by said deed, was the land that had been in the open, notorious, adverse possession of J. F. Hooks since the year 1900 and upon which he had been paying the taxes.

"B. M. McMahan continued in the open, notorious and adverse possession of all of said property until he sold and conveyed the same to F. F. Grimes in 1932 by his warranty deed and delivered the possession of the same to said Grimes, and that said Grimes has been in possession of all said land since he received the deed from B. M. McMahan.

"I further find that Mabel Hooks, wife of J. F. Hooks, had full knowledge of the deed that was made by J. F. Hooks to B. M. McMahan conveying the land on both the Loggins and the Despallier surveys and that her husband was delivering the title and possession of said land to said B. M. McMahan under said deeds.

"Mabel Hooks and J. F. Hooks, from 1904 until the death of Mabel Hooks in 1930, were residents of the Indian Territory, afterwards the State of Oklahoma.

"C. F. Ramsey, a party defendant in Cause No. 3107, is a tenant of F. F. Grimes, and as such tenant was in possession of the property.

"Conclusions of Law.

"F. F. Grimes, who is in possession of both tracts of land in controversy and who claims to own the same under deeds from B. M. McMahan and J. F. Hooks, has a valid, legal title to said property by virtue of the Statute of Limitation of more than ten years possession.

"When J. F. Hooks sold the land to B. M. McMahan his title was good by virtue of more than ten years actual, open and adverse possession of same, and consequently judgment was rendered in favor of F. F. Grimes for the property in controversy as against parties plaintiff in the two suits, to-wit: No. 3107, Mabel Leonard et vir. vs. C. F. Ramsey et al, and Mabel O. Leonard et vir vs. F. F. Grimes et al, No. 2097."

■ If it be conceded, as found by the court, that J. F. Hooks has acquired a title by adverse possession to the land involved under the ten-year statute of limitation against his wife prior to his conveyance to McMahan, a question we deem unnecessary to decide, still appellee F. F. Grimes would not be entitled to recover judgment for the land under his plea of title by limitation. If Hooks' title by adverse possession has ripened, as concluded by the trial court, it had the legal effect of vesting title in him as completely as can be done by deed. Moody v. Holcomb, 26 Tex. 714; Cook's Hereford Cattle Co. v. Barnhart (Tex. Civ. App.) 147 S. W. 662.

■■ The question then is: Has appellee Grimes acquired Hooks' title? The court found, and it was admitted on the trial, that the deed from Hooks to McMahan did not include within its description the land here involved, and under all the authorities such deed did not pass Hooks' title to the land to McMahan. Appellee having pleaded only a limitation title, the only theory upon which he could seek to recover the title of Hooks

would be by virtue of that plea, and the length of time which he and his grantor, McMahan, have been in adverse possession of the property is insufficient to support such a title.

The judgment of the trial court will be reversed, and the cause remanded.