**WEBB et al. v. DAVANT.**

No. 5165.

Court of Civil Appeals of Texas. Texarkana.

Nov. 18, 1937.

Rehearing Denied Jan. 20, 1938.

Ramey, Calhoun & Marsh, of Tyler, Brachfield & Wolfe, of Henderson, Cooper K. Ragan, of Houston, and Roy C. Led-

better and W. H. Francis, both of Dallas, for appellants.

W. H. Sanford and Conan Cantwell, both of Dallas, for appellee.

WILLIAMS, Justice.

In this trespass to try title action, appellee, J. E. Davant, plaintiff below, sued various defendants to recover title and possession of a .79-acre tract of land, specially pleading a ten-year limitation title in himself and those under whom he claimed. Among the various answers filed by the many defendants, two of the appellants, Clara Webb and Falcon Company, answered by general demurrer, general denial, plea of not guilty, and each also pleaded a ten-year limitation title in them and under whom they claimed.

This .79-acre parcel of land, shaped somewhat in the form of a half-cork-screw or bulge with the point to the southward, is situated in the east portion and within the field notes of the Clark Roberson 150-acre tract. (It was agreed in the trial that the defendants claiming under the Roberson chain of title have a regular chain of conveyances from the state to each of them, respectively.) The east boundary line of the Clark Roberson tract was the west boundary line of the Jim Holt or Jeff Reddic 112½-acre tract; this common boundary line north and south being a straight line according to the calls in the description of the respective tracts of land. Jim Holt aquired by deed the 112½-acre tract in 1887, which he conveyed by deed in 1917 to Jim Mayfield who, in turn, on September 12, 1925, conveyed to Jeff Reddic. Reddic on December 18, 1930, executed an oil and gas lease to the Kirby Petroleum Company, one of the appellants, and used the same description of the land as contained in the three last-mentioned deeds. In 1931 Reddic then executed a mineral conveyance, now in the name of appellant, which describes by metes and bounds the .79-acre parcel involved in this suit. March 16, 1932, Mayfield and Holt quitclaimed to Clara Webb and the Roberson heirs a tract of land, the field notes of which deed includes this .79-acre parcel. This suit was filed June 16, 1932. This .79-acre parcel is outside the field notes of the 112½-acre tract and lies immediately west of and contiguous to same.

One special issue was submitted to the jury which was answered in the affirmative and reads:

"Do you find from a preponderance of the evidence in this case that Jeff Reddic and those under whom he claimed, either in person or through a tenant or tenants, or partly in person and partly through a tenant or tenants, has held exclusive, peaceable and adverse possession of the land described in plaintiff's petition, cultivating, using or enjoying the same for any period of 10 consecutive years after January 1, 1919, and before March 29, 1931?"

The charge, after defining the terms "peaceable possession" and "adverse possession," contained the further definition or explanations, viz.:

"By the term 'privity of estate', as used herein, means a mutual, successive relationship to the same rights in the property.

" 'Peaceable and adverse possession' need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them."

Judgment was entered decreeing title and possession of the .79-acre tract into appellee and out of all defendants. Clara Webb, Falcon Company, East Texas Refining Company, Magnolia Production Company, and Kirby Petroleum Company have jointly appealed.

Prior to the institution of this suit, the fence on the common boundary line was moved westward; and, as so changed, takes in the .79-acre tract; and the tract as described in the petition follows the fence lines as now situate on the ground. It is appellants' contention that if the fence was moved westward by Holt, this change occurred about 1912; that Mayfield's possession from 1917 to 1925 in privity of possession with Holt from 1912 to 1917 had ripened into a ten-year limitation title in Mayfield; and that Mayfield could not in 1925 convey by parol the land in controversy to Reddic, and the tract not being within the field notes of the 112½ acres described in the deed from Mayfield to Reddic, the limitation title remained in Mayfield, and by the quitclaim deed of 1932 it was conveyed by Mayfield to Clara Webb and the Roberson heirs. Upon this theory of the case appellants timely requested the following special charge, namely: "Do you find from a preponderance of the evidence in this case that Jim Mayfield and those under whom he holds, either in person or through a tenant or tenants, or partly in person and partly through a tenant or tenants, has held exclusive, continuous, peaceable and adverse

928

possession of all the land described in plaintiff's petition, cultivating, using or enjoying the same for any period of 10 consecutive years prior to September 12, 1925?"

To the refusal of the trial court to submit this special issue appellee contends that the evidence showed without contradiction that Mayfield had possession only from 1917 to 1925 (not ten years), and the possession of Mayfield could not be tacked to that of Holt because the evidence without contradiction showed that Holt took possession in 1890 and had possession until 1917, and if Holt's possession was such as to establish a title by limitation under the ten-year statute, Vernon's Ann.Civ.St. art. 5510, such title was matured and established in Holt long before Mayfield went into possession in 1917.

■ The parties to this appeal concede the rule to be that when a limitation title is once matured, there is no further place for tacking, and a verbal sale of the land by the holder of such matured limitation title is no more enforceable than the verbal sale of land acquired by any other means. Houston Oil Co. of Texas v. Gore, Tex.Civ. App., 159 S.W. 924, writ refused; Stevenson v. Barrow, Tex.Com.App., 291 S.W. 1101; Manning v. Humble, etc., Co., Tex. Civ.App., 92 S.W.2d 577.

It is evident from what has been stated that the requested issue became a material inquiry if the evidence was sufficient to raise appellants' theory of the case. When was this fence moved westward? Appellants contended it was moved by Holt about the year 1912, while appellee contends it was moved by Holt in 1890.

The land in controversy consists of gulleys, ravines, hills, and some woodland. And when the fence was moved from the true boundary line, the wires along the new line were tacked to trees and posts. This tract was never cultivated. Mayfield, and Ronnie Holt, son-in-law and son of Jim Holt, respectively, both testified that the present fence was erected about the year 1890, and they testified further that they were not present at the time the fence was built. Mayfield also testified that he did not know about the fence until 1917. The witness Pegues testified he lived on an adjoining tract of land from 1916 to 1931; that some portions of the fence were changed in 1919; that in 1923 or 1924 timber men in getting out timber cut the fences,

and later when they put the fence back they nailed the wires to trees in the branch; that the fence around the wide part was changed in 1931 when a slush pit was dug.

■ Appellants introduced in evidence a block of wood with barbed wire imbedded in it cut from a tree situated on the original common boundary line. Appellee also introduced blocks of wood with barbed wire imbedded cut from two trees situated on the new fence line. Appellee's witness Ballard, a surveyor, was the only witness who testified as to the age of any tree or fence. Testifying as to the age of the fence at one of the trees on the new fence line, he stated that in his judgment the wire had been imbedded in that tree for more than twenty years, and the fence was twenty years or more old in 1932. He did not estimate the age of the fence at any other point. It is to be noted that this witness did not estimate the age of the fence to be forty years or more in 1932. The witness did not start at thirty years or more, nor twenty-five years or more, but confined his estimate to the age of the fence to be twenty years or more in 1932. This at least raised an inference that the fence was changed about 1912 in keeping with appellants' theory. We are of the opinion that the respective three blocks of wood, and the testimony given by the four witnesses mentioned herein were sufficient to entitle appellants to have the jury pass upon the question raised in their special requested issue. 41 Tex.Jur. § 222, p. 1015; § 237, p. 1041; 41 Tex.Jur. pp. 1117, 1118. If the evidence and pleadings are the same upon another trial, we suggest additional issues be submitted to the jury for them to determine if Holt went into possession of the tract in controversy; and if he had the necessary possession for any period of ten consecutive years prior to 1917.

The other propositions raised are dependent on the title to the .79 acre being in Reddic; and as that title has not been finally determined, we pretermit discussion of same.

■ Appellee and Humble Oil & Refining Company having agreed in open court to the judgment entered, as to these two parties, that part of the judgment is affirmed; but for the error indicated, the judgment is in all other respects reversed and the cause remanded.