Edwin G. DALE et ux., Appellants,

v.

Mildred STRINGER, Appellee.

No. 8564.

Court of Civil Appeals of Texas, Texarkana.

July 5, 1978.

Rehearing Denied Aug. 15, 1978.

415

Woodrow Edwards, Mount Vernon, Joe W. Lovelace, Lovelace & Thompson, Inc., Linden, for appellants.

William R. Porter, Daingerfield, for appellee.

CORNELIUS, Chief Justice.

Appellee, Mildred Stringer, brought suit in trespass to try title against appellants, Edwin G. Dale and wife, seeking to recover title to a 3.949 acre parcel of land in Cass County, Texas. Trial was to a jury which found that appellee and her predecessors had held adverse possession of the land under such circumstances as would mature title thereto by virtue of our ten-year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5515. Mr. and Ms. Dale have appealed

from a judgment rendered on the verdict vesting title to the disputed parcel in Ms. Stringer.

On November 15, 1950, Stringer purchased from Will Stewart and others, through the Veterans' Land Board of Texas,[1] a tract of land described as 129.75 acres in the Henry R. Latimer Survey of Cass County. The 3.949 acre tract in dispute, although included within the perimeter fences surrounding the 129.75 acre tract, was not included in the field notes of Stringer's land as deeded to her. It is rather included in the description of Mr. and Ms. Dale's land which joins Stringer's tract, and it was undisputed at the trial that the Dales held the record title to the land in dispute. The evidence, however, viewed in the light most favorable to the jury verdict, showed that Will Stewart and his family had used the entire enclosed area, including the disputed 3.949 acre parcel, as a unit, farming the same and grazing cattle thereon each and every year from at least 1931 until 1950. When Ms. Stringer negotiated the purchase of the tract from Mr. Stewart, he took her and her father over the land, pointed out the supposed boundaries of the tract, and showed her the area that she was buying, including specifically the disputed acreage. To complete the purchase, the Stewarts on November 15, 1950, conveyed the 129.75 acre tract to the Veterans' Land Board of Texas, which in turn entered into a contract of sale with Ms. Stringer covering the same described tract. Some ten years later, on February 25, 1960, Ms. Stringer received her deed from the Veterans' Land Board after paying the purchase price in full. Neither the Stewart deed to the Veterans' Land Board, nor the Veterans' Land Board contract of sale with Stringer or its deed to her pursuant to said contract, described the disputed portion of land, but used only the original description of the 129.75 acres. From 1950, when Stringer received her contract of sale from the Veterans' Land Board, until 1959 when she placed her land in the Soil Bank program, she maintained possession of and grazed cattle upon the entire tract claimed by her, through her tenants, her father and her brother, Kenneth Stringer. Shortly after Mr. and Ms. Dale purchased their tract in 1967, a dispute arose between them and Ms. Stringer over the ownership of the 3.949 acre strip in question here, which dispute culminated in Stringer's filing suit. Although originally claiming record title, Ms. Stringer went to trial claiming title to the disputed 3.949 acres by virtue only of the Texas ten-year statute of limitations. Because she had placed the entire land claimed by her in the Soil Bank program in 1959, she could only show something less than nine years of adverse possession in her own right, and she thus attempted to "tack" the previous possession of the Stewarts to hers in order to accumulate the required ten years. The jury answered "yes" to the following special issue:

*"SPECIAL ISSUE NO. 1:*

Do you find from a preponderance of the evidence that the Plaintiff, and those in privity of estate with her, either in person or through tenants, have held peaceable and adverse possession of the lands in controversy, under an enclosure, cultivating, using or enjoying the same, or any part thereof, for any period of ten consecutive years prior to its being placed in the soil bank program in 1959?"

To establish title by adverse possession under our limitation statutes, it is not essential that the possession be continuous in the same person for the statutory period; the periods of possession of two or more persons may be combined or "tacked." *Hutto v. Cook,* 139 Tex. 571, 164 S.W.2d 513 (1942); *McAnally v. Texas Co.,* 124 Tex. 196, 76 S.W.2d 997 (1934). But to do so, it must be shown that (1) the possession and claim of the claimant's predecessors met all the requirements of the limitation statute; (2) the possession and claim of the claimant and those of his predecessors were continuous without interruption; and (3) the earlier occupant's possession and claim were

---

1. The Stewarts conveyed the land to the Veterans' Land Board, and the Veterans' Land Board in turn entered into a contract of sale with Stringer.

passed or transferred to the latter occupant by agreement, gift, devise or inheritance. 2 Tex.Jur.2d, Adverse Possession, Secs. 74, 75 and 76, pp. 153–159. Requirement No. 3 is but another way of stating that there must be privity of possession between the successive occupants. *Hutto v. Cook,* supra; *Abramson v. Sullivan,* 103 S.W.2d 229 (Tex. Civ.App. Austin 1937, no writ). And the transfer of such possession need not be by deed, but may be oral. *McAnally v. Texas Co.,* supra; *Abramson v. Sullivan,* supra; *Shuttles v. Butcher,* 1 S.W.2d 661 (Tex.Civ. App. El Paso 1927, writ ref'd). As may be seen from the earlier statement of the evidence, Stringer's proof met the requirements for tacking her possession to that of the Stewarts unless, as asserted by the Dales in their principal contention on appeal, the fact that legal title to Stringer's described tract was in the State of Texas through the Veterans' Land Board from 1950 to 1960 destroyed the required continuity or privity.

■ It is not privity of title but privity of estate or possession which constitutes an essential element of tacking. *Hutto v. Cook,* supra; *McAnally v. Texas Co.,* supra; 2 Tex.Jur.2d, Adverse Possession, Sec. 74, p. 154. It is undisputed in this record that the Stewarts transferred their possession of and claim to the land enclosed within their fences to Stringer in 1950 when they agreed to sell the same to her through the Veterans' Land Board. It was not necessary that Stringer receive legal title to the land in order to tack the Stewarts' possession to hers. *McAnally v. Texas Co.,* supra. Nor was it necessary for the Veterans' Land Board, the holder of legal title, to have maintained adverse possession or claim to the land against the record owner. See *Sterling v. Tarvin,* 456 S.W.2d 529 (Tex.Civ. App. Fort Worth 1970, writ ref'd n. r. e.). Even if it can be considered that the Stewarts transferred both their title and their

right of possession to the Veterans' Land Board, such would not defeat the required privity of estate. Although legal title was transferred to the Veterans' Land Board, the equitable title vested contemporaneously in Ms. Stringer by virtue of her contract of purchase, and she was immediately placed in actual possession of the land. The conveyance to the Veterans' Land Board was for her benefit, and in reality was only a means of financing her purchase of the land from the Stewarts.[2] In such circumstances the intervention of the Veterans' Land Board in the chain of title would not defeat the right of Ms. Stringer to tack her possession to that of the Stewarts. *Sterling v. Tarvin,* supra.

■ Nevertheless, under the finding of the jury and the undisputed evidence in this record, Ms. Stringer was not entitled to judgment. As previously noted, the jury found that Stringer and her predecessors had possessed, used and claimed the land in such a manner as complied with the requirements of the ten-year limitations statute. Because Stringer had less than nine years' possession in her own right, the jury verdict necessarily included a finding that the Stewarts' possession met the requirements of the statute. It was uncontroverted that whatever the Stewarts did with reference to the land, they did it consistently and without interruption from the 1930's until they sold it in 1950. Under the evidence in this record, the Stewarts either had no possession which complied with the statute, or they had more than 10 years possession which did comply with the statute. As stated by the court in *Campbell v. Castle,* 204 S.W. 484, 485 (Tex.Civ.App. Texarkana 1918, no writ):

"It appeared that, if the ten years' statute of limitations had operated at all in Cross' favor, it had operated long enough to perfect title in him."

2. Tex.Rev.Civ.Stat. art. 5421m was enacted in 1949 to implement an amendment to Art. III of the Texas Constitution. Its purpose was to provide for the purchase of lands by the Veterans' Land Board and the resale of those lands to deserving veterans on favorable, low-inter-

est, long-term financing arrangements. Sec. 16 of the Act provides that a veteran may select a tract of land he desires to purchase, and upon proper application, may have the Veterans' Land Board purchase it for resale to him on a preferential basis.

As the jury here must have found that the Stewarts' possession complied with the statute, and as there was no evidence that the character of their use or claim ever changed, they necessarily matured title by limitations to the land in question prior to 1950. See *Manning v. Humble Oil & Refining Co.,* 92 S.W.2d 577 (Tex.Civ.App. Beaumont 1936, writ ref'd); *Webb v. Davant,* 113 S.W.2d 926 (Tex.Civ.App. Texarkana 1937, no writ); *Stevenson v. Barrow,* 291 S.W. 1101 (Tex.Com.App.1927, holding approved); *Kleckner v. McClure,* 524 S.W.2d 608 (Tex.Civ.App. Fort Worth 1975, no writ); *Collins v. Page,* 129 S.W.2d 335 (Tex. Civ.App. Beaumont 1939, writ dism'd jdgmt cor.); *Leonard v. Ramsey,* 71 S.W.2d 606 (Tex.Civ.App. Texarkana 1934, writ dism'd); *Campbell v. Castle,* supra; *Houston Oil Co. v. Gore,* 159 S.W. 924 (Tex.Civ. App. Galveston 1913, writ ref'd).

■ When title by limitation has matured there is no further place for tacking. *Webb v. Davant,* supra. And the title so matured cannot be transferred orally, but can be conveyed only by an instrument in writing. Tex.Rev.Civ.Stat.Ann. art. 1288; *Kleckner v. McClure,* supra; *Webb v. Davant,* supra; *Manning v. Humble Oil & Refining Co.,* supra; *Campbell v. Castle,* supra. Neither Stewart's deed to the Veterans' Land Board nor the Veterans' Land Board's deed to Ms. Stringer purported to convey the acreage involved in this suit. Although the oral transfer of possession from the Stewarts to Stringer would have been sufficient to tack *unmatured* adverse possession, it could not be effective to transfer a *matured title* which, according to the uncontroverted evidence and the jury findings, the Stewarts had already acquired in 1950. *Houston Oil Co. v. Gore,* supra.

■ Ms. Stringer contends that the question of a matured limitation title was a defensive issue and that the Dales had the burden to request and obtain a finding as to when the Stewarts' possession began and ended. As indicated earlier, we believe that the undisputed evidence showed that, if the Stewarts had any adverse possession at all, they had it for more than 10 years prior to 1950, and consequently an issue thereon was not necessary. Be that as it may, it cannot be said that the Dales waived their complaint in that regard, because they objected to the failure to submit such an issue and they also requested the submission of such an issue in substantially correct language. See Tex.R.Civ.P. 279.

Mr. and Ms. Dale's points of error in this Court do not specifically complain of the error relating to the lack of conveyance to Stringer of the matured adverse possession title of the Stewarts. Instead, their points complain generally of the lack of evidence or the insufficiency of the evidence to support a finding of tacking. But the matter is plainly contended for and argued in the Dale's brief, and is ably answered in Stringer's brief, and under our liberal briefing rules and in the interest of justice we have considered it. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943).

■ The plaintiff in a trespass to try title suit must recover, if at all, on the strength of his own title, not on the weakness or lack of title on the part of the defendant. *Kirby Lumber Co. v. Conn,* 114 Tex. 104, 263 S.W. 902 (1924); 56 Tex. Jur.2d, Trespass to Try Title, Sec. 7, p. 70. As the undisputed evidence and the jury finding established that the Stewarts matured limitation title to the land in dispute prior to 1950, and such title was not lawfully conveyed or otherwise transferred to Ms. Stringer, a take-nothing judgment should have been rendered against her.

Mr. and Ms. Dale's other point is not reached.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered that Ms. Stringer take nothing.