IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00223-CV

 

Alton H. Theiss,

                                                                                    Appellant

 v.

 

Billy Joe Glover AND LyNDA GLOVER

                                                                                    Appellees

 

 



From the 87th District Court

Leon County, Texas

Trial Court No. 0-02-62B

 



MEMORANDUM  Opinion










 

            Billy Joe Glover and his wife, Lynda,
bought property at a sheriff’s sale.  The tax deed conveyed one acre “more or
less.”  The Glovers knew the property they purchased had belonged to Lon Kelley
and his wife, Nicie; but they thought that they were buying all of the property
the Kelleys farmed, that being 4.23 acres.  After waiting to see if any heirs
of the Kelleys would contest the sale, the Glovers began clearing the acreage. 
Prior to their purchase, however, Alton Theiss purchased property from the Methodist Church that was part of the 4.23 acres farmed by the Kelleys.  After the Glovers
began clearing the 4.23 acres, Theiss posted “no trespassing” signs.  The
Glovers brought suit and, after a trial to the court, were awarded the entire
4.23 acres.  Theiss appealed.  

            The issue in this appeal is to what
property the Glovers established ownership.  Because the Glovers could not tack
onto the Kelleys’ possession for the purposes of adverse possession and because
the Tax Deed did not convey the entire 4.23 acres to the Glovers, the trial
court’s judgment is reversed and a judgment is rendered that the Glovers take
nothing more than the property described in their sheriff’s tax deed.[1]

            In one global issue, Theiss argues
that the trial court erred in finding that the Glovers were entitled to
possession of and title to 4.23 acres in Leon County, Texas.  In his argument,
Theiss breaks the issue down into two categories, title by limitations and the
Sheriff’s Tax Deed.  Within each category, Theiss appears to attack the
sufficiency of the evidence regarding certain findings of fact and the validity
of certain conclusions of law.

Standard of Review

            Findings of fact in a bench trial have
the same force and dignity as a jury's verdict upon jury questions.  Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). 
Although we show deference to a trial court's findings, those findings are
reviewable for legal and factual sufficiency of the evidence by the same
standards that are applied in reviewing evidence supporting a jury's answers.  Catalina
v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); Dominguez v. Castaneda,
163 S.W.3d 318, 325 (Tex. App.—El Paso 2005, pet. denied). We review the trial
court's conclusions of law de novo.  Dominguez, 163 S.W.3d at 325.

            In reviewing a finding for legal
sufficiency, we credit evidence that supports the finding if reasonable jurors
could, and disregard contrary evidence unless reasonable jurors could not.  See
Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006); City of Keller v. Wilson, 168 S.W. 3d 802, 827 (Tex. 2005).  In
reviewing a factual sufficiency issue, the court of appeals must weigh all of
the evidence in the record.  Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).  Findings may be overturned only if they are so against the great weight and
preponderance of the evidence as to be clearly wrong and unjust.  Id.  

Title by Limitations

            Theiss contends that the trial court
erred in finding that the Kelleys established all the requirements of the 5,
10, and 25 year limitations periods prior to the Sheriff’s sale on December 6,
1996.  One seeking to establish title to land by virtue of the statute of
limitations has the burden of proving every fact essential to that claim by a
preponderance of the evidence.  Rhodes v. Cahill, 802 S.W.2d 643, 645 (Tex. 1990).

5 Year Statute

            The five year statute of limitations
for adverse possession provides:

(a) A person must bring suit not later than five
years after the day the cause of action accrues to recover real property held
in peaceable and adverse possession by another who:

                        (1)
cultivates, uses, or enjoys the property;

                        (2)
pays applicable taxes on the property;  and

                        (3)
claims the property under a duly registered deed.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 16.025 (Vernon 2002).

            Theiss attacks subsection (a)(2) of
the five year statute and argues that there is no evidence that the Kelleys
paid applicable taxes on the property in question.  The Glovers argue that the
Tax Deed is circumstantial evidence that the Kelleys paid taxes on the acreage
they adversely possessed.  There is nothing in the Sheriff’s Tax Deed that
shows the Kelleys paid taxes continuously on the property for five years.  See
Pierce v. Gillespie, 761 S.W.2d 390, 396 (Tex. App.—Corpus Christi 1988,
no writ).  Thus, the Glovers did not prove that the Kelleys met the
requirements of the 5 year statute of limitations.

10 and 25 Year Statutes

            The 10 and 25 year statutes of
limitations are essentially the same.  Those statutes provide:

A person must bring suit not later than 10 years
after the day the cause of action accrues to recover real property held in
peaceable and adverse possession by another who cultivates, uses, or enjoys the
property.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 16.026(a) (Vernon 2002);
and

A person, regardless of whether the person is or
has been under a legal disability, must bring suit not later than 25 years
after the day the cause of action accrues to recover real property held in
peaceable and adverse possession by another who cultivates, uses, or enjoys the
property.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 16.027 (Vernon 2002).

            Theiss argues that there is no
evidence that the Kelley’s adverse possession was open and obvious or hostile
because there was no evidence that 1) the possession was without the permission
of the true owner; 2) the use of the property was exclusive; and 3) there were
postings of no trespassing signs.  Theiss further argues that the evidence is
insufficient to establish that Kelley had remained on the land for either 10 or
25 years.

            Adverse possession is "an actual
and visible appropriation of real property, commenced and continued under a
claim of right that is inconsistent with and is hostile to the claim of another
person" throughout the statutory period.  Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1) (Vernon 2002). 
The statute requires that such possession be "inconsistent with" and
"hostile to" the claims of all others.  Minh Thu Tran v. Macha,
213 S.W.3d 913, 914 (Tex. 2006).  Hostile use, though, does not require an
intention to dispossess the rightful owner, or even know that there is one.  Id. at 915.  But there must be an intention to claim property as one's own to the
exclusion of all others.  Id.  

            Witnesses testified that the Kelleys
lived on the property and “truck farmed”, which means they grew vegetables in
patches, all over the property as early as 1936 until Lon Kelley’s death in
either the late ’70’s or late ‘80’s.  No one else farmed the land at that time,
and Lon Kelley kept others off the land.  Testimony conflicted as to whether
the Kelleys lived on the land at the time of Mr. Kelley’s death or whether they
lived in town, but no one could say when the Kelleys moved to town.  A
two-story building which housed a school and a church were on the property but
were moved off when the church split.  According to several witnesses, the
building was gone by the mid-1940’s.  The documentary evidence showed that the
Kelleys obtained a deed to at least one acre of the land from Zion Baptist Church in 1951.  

            According to the record, even if Mr.
Kelley died in the late ‘70’s, the evidence was legally and factually
sufficient to establish that the Kelleys intended to claim the property in
question as their own, to the exclusion of others, cultivated the land, and did
so for as long as 25 years.  

            Thus, the trial court erred in finding
that the Kelleys met all the requirements of the 5 year statute of limitations
but did not err in finding that the Kelleys met all the requirements of the 10
and 25 year statute of limitations.

Privity of Estate

            Theiss further argues under his
limitations sub-issue that the trial court erroneously concluded there was
privity of estate between the Kelleys and the Glovers which would allow
“tacking” of the time period the Kelleys claimed the 4.23 acres to the time
period the Glovers claimed the 4.23 acres.

            To establish title by adverse
possession, it is not essential that the possession be continuous in the same
person for the statutory period; but there must be privity of estate between
each holder and his successor so that the periods of possession of two or more
persons may be combined or "tacked."  See Tex. Civ. Prac. & Rem Code Ann. §
16.023 (Vernon 2002); Hutto v. Cook, 164 S.W.2d 513, 515 (Tex. 1942); Dale v. Stringer, 570 S.W.2d 414, 416 (Tex. App.—Texarkana 1978, writ
ref’d n.r.e.); Loeffler v. Lytle Indep. Sch. Dist., 211 S.W.3d 331, 343
(Tex. App.—San Antonio 2006, pet. denied).  However, when title by limitation
has matured there is no further place for tacking; and the title so matured can
be conveyed only by an instrument in writing.  Dale, 570 S.W.2d at 418. 
Privity of estate cannot apply.  

            As we have determined, the Kelleys met
the requirements of both the 10 and the 25 year statute of limitations
periods.  Their title had matured, and the Glovers could not “tack” onto the
Kelley’s possession.  Therefore the trial court erred in concluding that there
was privity of estate between the Kelleys and the Glovers.

Sheriff’s Tax Deed

            Because the Glovers could not tack the
Kelleys time period onto their period of possession, the Kelleys’ matured title
by limitation could only be conveyed to the Glovers by a written instrument. 
The Glovers contended at trial that the written instrument was the Sheriff’s
Tax Deed.  Theiss argues the trial court, by finding and concluding that title
was conveyed to the Glovers by the Kelleys, erroneously found that the Glovers
obtained title to the 4.23 acres through the Sheriff’s Tax Deed.

            At trial, the Glovers testified that
they thought they were buying all of the property used by the Kelleys because
the tax deed conveyed “1.00 acres [sic], more or less….”  In construing a deed,
we ascertain the intention of the parties as expressed in the deed itself; and
such intention expressed therein is a controlling factor.  Walker v. Simons,
243 S.W.2d 600, 605 (Tex. App.—Waco 1951, writ ref’d n.r.e.).  The parties’
intent must be gathered from the entire instrument, and not from some isolated
clause or paragraph.  Id. at 606.

            There is nothing in the entire deed
that indicates any more than one acre was being conveyed to the Glovers.  The
property description, in its entirety, provides:  “1.00 acres [sic], more or
less, in the Robert Rogers League as described in Volume 188, Page 269,
Deed Records of Leon County, Texas.” (Emphasis added).  The deed recorded at
Volume 188, Page 269 was introduced into evidence as Plaintiff’s Exhibit 6.  In
that deed, the trustees of the Zion Baptist Church conveyed to Lon and Nicie
Kelley,

all that certain tract and parcel of land situated
in Leon County Texas, and being one acre of land Deeded to Dave Dixon et all
[sic] Trustees of said Church by J.A. Heath et ux, and in said deed describe as
follows, “Out of the Robert Rogers League, and beining [sic] out of a 84.3 acre
tract and being out of the N.E. Corner, and joining a one care [sic] tract out
of said league, and being just South of said One acre tract heretofore
deeded.”  Said deed made on Nov. 9, 1922.  To Have and hold said one acre tract
of land unto the said Lon K Kelley and Nicie Kelley . . . forever….  

 

Given this language, there is no doubt that the Zion Baptist Church conveyed only one acre to the Kelleys.  See Walker v. Simons,
243 S.W.2d 600, 606 (Tex. App.—Waco 1951, writ ref’d n.r.e.) (“A general
description may be looked to in aid of a particular description that is
defective or doubtful, but not to control or override a particular description
about which there can be no doubt.”).

            Because the Tax Deed refers to the
description of the land contained within the deed from the Church to the
Kelleys, there is no evidence that the Tax Deed to the Glovers was for any more
than one acre of land.  The trial court erred in finding that title for the
4.23 acres was conveyed from Lon Kelley to Billy Joe Glover.  The trial court also
erred in concluding that the Glovers successfully proved their title to the
4.23 acres by the abstract pled and by evidence proven.  

Conclusion

            Having found that the trial court
erred in finding that title for the 4.23 acres was conveyed from Lon Kelley to
Billy Joe Glover and in concluding that there was privity between the Kelleys
and the Glovers and that the Glovers successfully proved their title to the
4.23 acres by the abstract pled and by evidence proven, the trial court’s
judgment is reversed.  We therefore render a judgment that Billy Joe and Lynda
Glover take nothing more than the property described in their sheriff’s tax
deed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Reversed
and rendered

Opinion
delivered and filed August 29, 2007

[CV06]









[1] We
are not resolving any question of Theiss’s ownership in the remaining 3.23
acres as it relates to the heirs and assigns of Lon Kelley.








ch he argues the necessity for
his third motion or that he is entitled to relief in the current petition.