BORDEAUX, APPELLANT, *v.* GREENE, RESPONDENT.

[No. 1,046]

[Submitted February 17, 1899. Decided February 27, 1899.]

*Easements—Obstruction of Light and Air—Motive of Malice —Pleading—Conclusions.*

1.  The right of one to shut off air and light from his neighbor's windows by building on his own lots is unaffected by his motive, and it makes no difference whether his motive is a "purely malicious one."
2.  An averment of the complaint in an action to abate, as a nuisance, a fence on defendant's lots, adjoining plaintiff's buildings that it is liable to be blown over on the buildings, and may injure them, is an allegation of conclusions insufficient to withstand a general demurrer.

*Appeal from District Court, Silver Bow County; J. J. McHattan, Judge.*

ACTION by John R. Bordeaux against Flora E. Greene. From a judgment for defendant entered on sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Statement of the case by the Justice delivering the opinion

Action to abate a nuisance. Plaintiff was the owner of certain lots, and a building thereon, in Butte. Defendant owned

an adjoining lot, upon the front part of which she erected a brick building. . In the rear of her lot were outbuildings. In August, 1896, defendant (so plaintiff alleged, "wrongfully and maliciously and unnecessarily, and for the purpose of injuring plaintiff and. plaintiff's property," built a high board fence (40 feet high) within $2\frac{1}{2}$ or 3 feet from the rear of plaintiff's building—so close to his building as to cut off light, air and view therefrom.

The complaint also contained the following averment: "Plaintiff further alleges, that the manner in which the said fence is constructed, in the event of a heavy wind occurring and blowing from the northeast to the southwest, that the said fence is liable to be blown over and upon his said buildings, and may result in injuring the same by the reason thereof."

General demurrer was sustained. Plaintiff declined to amend, and judgment went against him for costs. He appeals.

*John W. Cotter*, for Appellant.

*John B. Wellcome* and *Clayberg & Corbett*, for Respondent.

**HUNT, J.** Defendant built the fence upon her own property. That being true we know of no statute of the State, or ordinance of the city of Butte, which, in the exercise of a police power, prevented her from putting up the structure. Nor will the law generally prevent it. The owner of a piece of property has a right to shut off air and light from his neighbors' windows by building on his own lots. This doctrine is too well settled in this country to require authorities. He cannot.annoy his neighbor with the smell of his privy vaults, or with percolating sewer water, or other inconveniences which the law recognizes as injurious; but the free use of light and air by an owner of the soil are his, to any extent he pleases, without regard to his neighbor's convenience or inconvenience. (*Picard* v. *Collins*, 23 Barb. 444; *Letts* v. *Kessler*, 54 Ohio St. 73, 42 N. E. 765; Judge Campbell's opinion in *Burke* v. *Smith*, 69 Mich. 380, 37 N. W. 838.) It

makes no difference whether defendant's motive in building the fence was one of malice towards her neighbor, or a desire to improve or ornament her property.   She could, with a purely malicious motive, shut out her neighbor's light and air by a magnificent building; and why not, though prompted by a like motive, by a fence 40 feet high? (*Rideout* v. *Knox*, 148 Mass. 368, 19 N. E. 390.)   Either method would be equally inconvenient and damaging to plaintiff, but the motive would have no more effect in the one case than in the other.

A person having a legal right can enforce the enjoyment of it without having his motive inquired into. (*Phelps* v. *Nowlen*, 72 N. Y. 39.)

The allegation that the fence is liable to be blown over upon plaintiff's building, and may result in injuring the same, is very bad.   It is not stated directly that the construction of the fence is defective or poor, or how it is dangerous to plaintiff's property, or that it is on account of any weak or negligent construction that plaintiff's property is endangered. The allegation is one of conclusions, and insufficient to withstand a general demurrer.

Judgment affirmed.                                    *Affirmed.*

BRANTLY, C. J., and PIGOTT, J., concur.