No. 01-132

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 274

WILLIAM J. HAUGEN,

Plaintiff and Appellant,

v.

DON E. KOTTAS,

Defendant and Respondent.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

Honorable John R. Christensen, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Torger S. Oaas, Attorney at Law, Lewistown, Montana

For Respondents:

Charles Frederick Unmack, Hubble, Ridgeway & Unmack,

Stanford, Montana

Submitted on Briefs: June 7, 2001
Decided: December 18, 2001

Filed:

————————————————————————

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 William J. Haugen appeals from an Order of the Tenth Judicial District Court, Fergus County, denying his request for an injunction requiring Defendant Don E. Kottas to remove a spite fence. We reverse.

¶2 The sole issue raised on appeal is whether there is a legal remedy in Montana for the erection of a spite fence.

## FACTS

¶3 Haugen and Kottas own adjacent tracts of land on Upper Spring Creek in Fergus County. Haugen's parents purchased their tract of land in 1957, and Kottas purchased his tract in 1963. For many years there was a four-foot-tall chain link fence near the eastern boundary of Haugen's property and west of a pond on Kottas's property.

¶4 Upon his parents' death, Haugen purchased his siblings' interest in the family home and tract of land. In 1999, he removed the chain link fence. Kottas was upset over the fence's removal and requested that Haugen replace it or agree to the construction of a new fence. Haugen refused.

¶5 The mutual boundary line was surveyed and it was determined that the fence had been on Haugen's property. The survey also determined that Haugen's flagpole and several of his lawn sprinklers were located on Kottas's property. Haugen removed these.

¶6 In the summer of 2000, Kottas dredged his pond and moved it a few feet to the east. He then constructed a wooden fence approximately 200 feet long and between 7'3" and 7'9" tall. The back side of the wooden fence faces the Haugen property and obstructs Haugen's view to the east of Upper Spring Creek.

¶7 In September 2000 Haugen filed this action requesting that the court grant preliminary and permanent injunctions requiring Kottas to remove the fence. Haugen later filed an

amended complaint, alleging that the fence was a spite fence. A bench trial was held, and the District Court denied Haugen's request for an injunction. The court found that the fence was constructed as a spite fence, but concluded that there was no remedy under Montana law for a spite fence. The court based its decision on the holding in *Bordeaux v. Greene* (1899), 22 Mont. 254, 56 P. 218, that a person having a legal right can enforce the enjoyment of it without inquiry into his motive. The District Court urged "the appellate court to revisit *Bordeaux* in light of the significant changes in property law made during the past 100 years." This appeal followed.

## DISCUSSION

¶8 Is there a legal remedy in Montana for the erection of a spite fence?

¶9 Haugen points out that Kottas did not cross-appeal the District Court's finding that the fence was a spite fence, and therefore, the only question before this Court is whether the District Court's interpretation of the law was correct. Haugen argues that this Court should overrule *Bordeaux* based on the many changes that have occurred in property law since 1899. He directs the Court to an Idaho case, *Sundowner, Inc. v. King* (Id. 1973), 509 P.2d 785, which rejected the older rule that erection of a spite fence was not an actionable wrong and held that a property owner cannot erect a structure for the sole purpose of injuring his neighbor.

¶10 Kottas argues that there is no need to overturn the *Bordeaux* decision because a modern claim between neighbors for damage to property is a nuisance claim. Kottas argues that Haugen did not pursue a nuiance action, and since Haugen elected the wrong remedy the District Court should be affirmed.

¶11 We review a district court's conclusions of law to determine if the district court's interpretation of the law is correct. *In re Marriage of Rolf*, 2000 MT 361, ¶ 40, 303 Mont. 349, ¶ 40, 16 P.3d 345, ¶ 40.

¶12 In *Bordeaux*, the defendant built a 40-foot-high board fence within 2 ½ to 3 feet from the rear of plaintiff's building. *Bordeaux*, 22 Mont. at 255, 56 P. at 218. We stated, "The owner of a piece of property has a right to shut off air and light from his neighbor's windows by building on his own lots. . . . It makes no difference whether defendant's motive in building the fence was one of malice towards her neighbor, or a desire to improve or ornament her property. She could, with a purely malicious motive, shut out her

neighbor's light and air by a magnificent building; and why not, though prompted by a like motive, by a fence 40 feet high?" We held that a person having a legal right can enforce the enjoyment of it without inquiry into his motive. *Bordeaux*, 22 Mont. at 255-56, 56 P. at 219.

¶13 The more modern view is expressed in *Sundowner*. "Under the modern American rule, however, one may not erect a structure for the sole purpose of annoying his neighbor. Many courts hold that a spite fence which serves no useful purpose may give rise to an action for both injunctive relief and damages. . . . [N]o man has a legal right to make a malicious use of his property, not for any benefit or advantage to himself, but for the avowed purpose of damaging his neighbor." *Sundowner*, 509 P.2d at 786-87.

¶14 We agree with the Idaho Supreme Court's analysis and holding in *Sundowner* and therefore overrule *Bordeaux*. We hold that no property owner has the right to erect and maintain an otherwise useless structure for the sole purpose of injuring his neighbor. We further hold that such an action will give rise to an action for both injunctive relief and damages.

¶15 Finally, we conclude that Kottas's argument that Haugen chose the wrong remedy by not stating a claim for nuisance is without merit. Nuisance includes all wrongs which have interfered with the rights of a citizen in the enjoyment of property. 58 Am. Jur. 2d Nuisances § 1. "A nuisance action may be based upon conduct of a defendant that is either intentional, negligent, reckless, or ultrahazardous." *Barnes v. City of Thomson Falls,* 1999 MT 77, ¶16, 294 Mont. 76, ¶ 16, 979 P.2d 1275, ¶ 16. A spite fence is defined as one which is of no beneficial use or pleasure to the owner but was erected and is maintained for the purpose of annoying a neighbor. 1 Am. Jur. 2d Adjoining Landowners § 106. Many courts characterize a spite fence as a nuisance. *Sundowner*, 509 P.2d at 786. We concluded above that a spite fence action may give rise to injunctive relief and damages; a nuisance action may also give rise to injunctive relief and damages. Although Haugen could have filed a nuisance claim, he was not required to. The same relief is available under a claim for a spite fence.

¶16 Here, the District Court's finding that Kottas's fence was a spite fence is supported by substantial evidence, and Kottas does not argue otherwise. In his complaint, Haugen asked for an injunction requiring Kottas to remove the fence. On direct examination at trial, Haugen testified that he was requesting the court to partially abate the fence and require Kottas to reduce the height of the fence. On cross-examination, he clarified that the best

scenario would be to have the entire fence taken down. We remand this case to the District Court to determine the appropriate remedy.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE